IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL GARDNER,

    Petitioner,

v.                                           CASE NO. 1:15-cv-194-WTH-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 6, Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a response and appendix with relevant portions of the administrative record, arguing that the Amended Petition ("Petition") should be dismissed because it is time-barred and unexhausted, and nevertheless without merit. (ECF No. 11.) Petitioner has filed a reply, (ECF No. 12), and the Petition is therefore ripe for review. Upon due consideration of the Petition, the response, the administrative record, and the reply the undersigned recommends that the Petition should be denied.

## I. Background

Petitioner is a Jamaican citizen and state prisoner in the custody of the Florida Department of Corrections ("FDOC"). (ECF No. 11 at 29.) He was convicted on August 20, 1987, of sexual battery on a child under twelve by a defendant eighteen years of age or older and sentenced to life imprisonment. (*Id.* at 18, 20.) The state trial court retained jurisdiction over Defendant for review of any Parole Commission release order for a period of twenty-five years. (*Id.* at 20.)

On August 20, 1998, United States Immigration and Customs Enforcement ("ICE") filed a detainer with the FDOC. (*Id.* at 12, 28–29.) At a subsequent ICE hearing on February 10, 1999, Petitioner was ordered removed upon completion of his FDOC sentence. (*Id.* at 33.)

The Florida Parole Commission ("FPC") interviewed Petitioner on November 19, 2009. (*Id.* at 24.) The FPC determined that Petitioner's earliest possible release date (his Presumptive Parole Release Date) is May 2047. (*Id.* at 12, 24; ECF No. 12 at 74.)

Petitioner thereafter filed the instant Petition in this Court challenging the fact that he has not yet been removed to Jamaica. (ECF No. 6.)

## II.  Discussion

Petitioner raises the following six grounds for relief in his Petition: (1) Respondent has failed to turn Petitioner over to ICE to be removed to Jamaica; (2) the FPC failed to comply with the order of removal; (3) Petitioner is serving an unconstitutional sentence because he signed all requisite release papers but has not yet been removed; (4) Petitioner has been unlawfully detained in violation of the sentencing judge's order for Petitioner to be removed after Petitioner served the twenty-five year minimum mandatory sentence; (5) the FPC's setting of a 2047 release date violates the removal order; and (6) Petitioner has been deprived of his right to liberty because he is essentially serving an indefinite sentence where he will never be removed. Petitioner's claims all relate to one claim—that his continued incarceration by the FDOC violates the removal order and is therefore unconstitutional.

Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his state remedies and the Petition is untimely. Alternatively, Respondent argues that the Petition should be denied because it is without merit.

Section 2241 vests federal district courts with jurisdiction to grant a

writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. § 2241(c)(3). A petition by a state prisoner in custody pursuant to the judgment of a State court, however, is typically governed by 28 U.S.C. § 2254. *See* § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Nevertheless, the ICE detainer coupled with the existence of a removal order in this case renders Petitioner in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody. *See Martell v. Sec'y, Dep't of Corr.*, No. 8:12-cv-604-T-33MAP, 2012 WL 1016821, at *1–2 (M.D. Fla. Mar. 26, 2012); *Galiana v. I.C.E.*, 5:11cv255/MMP/EMT, 2012 WL 425910, at *1–2 (N.D. Fla. Jan. 11, 2012). This Court therefore has jurisdiction to review Petitioner's claims under § 2241.[1]

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). Similarly, applications by a person in state custody pursuant to the judgment of a state court are subject to a one-year statute

---

[1] Although 8 U.S.C. § 1252(g) plainly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]," Petitioner does not challenge the final order of removal in this case.

of limitations, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although Respondent contends that Petitioner failed to exhaust his state remedies and that the Petition is untimely, Petitioner claims that he exhausted his state remedies through both the grievance procedure and via a petition for writ of habeas corpus in state court and that he is entitled to equitable tolling of the statute of limitations. The Court need not determine either of these issues, however, because the Petition is patently without merit.

Under 8 U.S.C. § 1231(1)(A), "when an alien is ordered removed, the

Attorney General shall remove the alien from the United States within a period of 90 days," a period otherwise known as the "removal period." The removal period does not begin, however, until the latest of the following:

> (I) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) *If the alien is detained or confined* (except under an immigration process), *the date the alien is released from detention or confinement.*

§ 1231(B) (emphasis added).

Although the order of removal was entered in 1999, Petitioner is still in state custody serving his sentence. His removal period, therefore, does not commence until he is released from state custody. *See Themeus v. U.S. Dep't of Justice*, 643 F. App'x 830, 833 (11th Cir. 2016) (district court properly found that removal period had not yet begun when petitioner filed his petition for writ of habeas corpus because petitioner had not yet been released from state custody). The FPC has determined that Petitioner is ineligible for parole until at least May 2047.[2]

---

[2] To the extent Petitioner claims the FPC's setting of a 2047 release date violates the sentencing judge's order that he only serve twenty-five years of his sentence,

Simply put, Petitioner's continued incarceration does not violate the order of removal, nor is his continued incarceration unlawful. *See Themeus*, 643 F. App'x at 833 (petitioner was not entitled to release from custody where the removal period had not yet expired). The Petition is therefore due to be denied.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

---

Petitioner is misguided. Petitioner was subject to a twenty-five year minimum mandatory sentence and was instead sentenced to life imprisonment. He is therefore ineligible for parole consideration until after twenty-five years.

*Case No: 1:15-cv-194-WTH-GRJ*

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### III.  Recommendation

It is respectfully **RECOMMENDED** that the Petition, ECF No. 6, should be **DENIED,** and a certificate of appealability should be **DENIED**.

**IN CHAMBERS**  this 22nd day of May 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**